
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                           :
In re: EPHEDRA PRODUCTS LIABILITY          :   04 M.D. 1598 (JSR)
LITIGATION                                 :
                                           :
------------------------------------------X
PERTAINS TO ALL CASES

<u>STATUS ORDER (INCLUDING CASE MANAGEMENT ORDER NO.44)</u>

JED S. RAKOFF, U.S.D.J.

At the monthly status conference held on March 6, 2008, the Court made the following rulings, which are hereby confirmed (and in some instances modified and supplemented) as follows:

1. The next status conference will be held as previously announced at 4:30 pm on <u>Thursday, April 3, 2008</u>.

2. The Clerk is directed to mark as closed the following three cases, which were settled on the eve of the Metabolife bankruptcy and are awaiting pro rata distribution by the trustee for general unsecured claims: <u>Ochoa v. Metabolife International Inc.</u>, No. 04 Civ. 2893; <u>Villareal v. Metabolife International Inc.</u>, No. 04 Civ.2897; and <u>Wiggins v. Metabolife</u>, No. 04 Civ. 5479. Plaintiffs' counsel in the three cases shall submit a stipulation and proposed order of dismissal with prejudice promptly after receiving notice of the amount to be distributed.

3. The Court will decide without oral argument plaintiff's motion for a suggestion of remand in <u>Stear v. Merle Norman</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-10-08

Cosmetics, No. 04 Civ. 4234, promptly after defendant's time to file opposition papers expires on March 10, 2008.

    4. On the Court's own motion with notice served by the Special Master on February 14, 2008, the following cases were dismissed with prejudice without opposition: Lugene Parsely v. Metabolife International, No. 03 Civ. 9266; Josephine Cioppa v. Heritage Health Products, No. 04 Civ. 0042; Douglas Risley v. Metabolife International Inc., No. 04 Civ. 2900; Joseph Stanley Michalowksi v. United States of America, No. 04 Civ. 3526; Pam Lajean McClellan v. Metabolife International Inc., No. 04 Civ. 4266; Erica Marie West v. Metabolife International, No. 04 Civ. 4268; Karen Chandler v. Metabolife International Inc., No. 04 Civ. 4269; Karolyn Mark v. Metabolife International Inc., No. 04 Civ. 4271; James Wende v. Rexall Sundown, No. 04 Civ. 4280; Christopher Kitsos v. Metabolife, No. 04 Civ. 5469; Alexander Haque v. Metabolife, No. 04 Civ. 5478; Debra Salazar v. TL Administration Corp., No. 04 Civ. 5606; Everett Abrams v. Twin Laboratories Inc., No. 04 Civ. 6194; Matthew Hollimon v. Advocare, No. 04 Civ. 6826; Bernice Chavez Thompson v. Metabolife International Inc., No. 04 Civ. 6835; Ellen Matthews v. Nutramerica Corp., No. 04 Civ. 6837; Keith Reid v. NVE Inc., No. 04 Civ. 7627; Artemio Cedillo v. Metabolife International Inc., No. 04 Civ. 7641; Jose Pagoada v. Metabolife International Inc., No. 04 Civ. 8201; Shirley Kemp v. Metabolife International Inc.,

No. 04 Civ. 8203; <u>Jacalyn Lee DeBlais v. Metabolife International Inc.</u>, No. 04 Civ.8208; <u>Abrams v. Twin Laboratories</u>, No. 04 Civ. 9103; <u>Barnes v. Twin Laboratories</u>, No. 04 Civ. 9105; <u>Olschwanger v. Muscletech Research & Development</u>, No. 04 Civ. 10025; <u>Marcos Dias v. GN Oldco</u> et al., No. 05 Civ. 0031; <u>Linda Katie Wellman v. Chemins</u>, No. 05 Civ. 0158; <u>Morris Parks v. Metabolife</u>, No. 05 Civ. 1021; <u>Vicki Carter v. N.V.E. Inc.</u>, No. 05 Civ. 2474; <u>Lori Jenkins v. Muscletech</u>, No. 05 Civ. 3887; <u>Sherry King v. Metabolife</u>, No. 04 Civ. 4213; <u>Colby Stambaugh v. ISP Nutrition Corp.</u>, No. 04 Civ. 4236; and <u>Bobby Jack Edwards v. Metabolife</u>, No. 04 Civ. 4264.

5. On the unopposed motion of Plaintiffs' Coordinating Counsel ("PCC"), the Court approved $103,095 in fees and $10,020.49 in expenses of the PCC's subcommittee on common fees and expenses. The subcommittee's time and expenses were incurred in connection with their audit-like review and submission to the Court of approximately 25,000 hours of attorney time and about $700,000 in expenses, the underlying data for which had been submitted to the subcommittee by the 19 law firms that performed work for the common benefit of plaintiffs in the MDL. Because the subcommittee's attorney time was incurred for the administration of the two common funds, both the fees and the expenses shall be paid out of the Ephedra Plaintiffs' Common Expense Fund (the "Expense Fund") established by Case Management

Order No. 7 ¶ 2(a).

6. The PCC's unopposed motion to reimburse 11 law firms for their expenses listed in the motion papers totaling approximately $150,000 was granted. The exact amount shall be determined by the Special Master after he receives adjusted figures from John C. Thornton III Esq., whereupon the Special Master shall submit a proposed order for payment from the Expense Fund.

7. Upon the unopposed motion of the PCC, the Clerk is directed to transfer $390,076.52 from the Expense Fund to the Ephedra Plaintiffs' Common Fee Fund established by Case Management Order No. 7 ¶ 2(a). This transfer reverses a transfer made by Case Management Order No. 22 ¶ 8 at the PCC's request because it then appeared that the Expense Fund would be insufficient.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       March 10, 2008