USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-22-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
In re: EPHEDRA PRODUCTS LIABILITY          :    04 M.D. 1598 (JSR)
LITIGATION                                 :
                                           :
------------------------------------------X
PERTAINS TO ALL CASES

STATUS ORDER (INCLUDING CASE MANAGEMENT ORDER NO.45)

JED S. RAKOFF, U.S.D.J.

At the monthly status conference held on April 3, 2008, the Court made the following rulings, which are hereby confirmed (and in some instances modified and supplemented) as follows:

1. The date of the next status conference has been changed to 4:30 pm on Thursday, May 8, 2008 (rather than May 1, 2008).

2. Upon the motion of Plaintiffs' Coordinating Counsel ("PCC"), the Court approves an initial distribution of $8 million from the Ephedra Plaintiffs' Common Fee Fund that was established by Case Management Order No. 7 ¶ 2(a). A separate order will be entered directing the Clerk to pay the $8 million to the PCC's nominee, Brown, Rudnick, Berlack & Israels LLP, which shall then distribute it among the law firms listed in Column A (entitled "Firm Name") of the PCC's Revised Exhibit 5 to its motion papers according to the percentages listed in the highlighted rows of Column H (entitled "Percentage of Total"). The Court

contemplates that there will be at least one supplemental distribution according to the same percentages.

Since an objection to the proposed distribution surfaced, somewhat belatedly, at the April 3 conference, a brief explanation of the reason's for the Court's approval of the motion is in order.  Case Management Order No. 7 placed a cap, equal to 6% of the aggregate gross settlements, on compensation and reimbursement of expenses in connection with work done for the common benefit of all plaintiffs in the MDL.  As a result, approximately $8-9 million will be available as compensation for the work of 62 timekeepers from 18 law firms totaling about 25,000 hours.  The resulting average hourly rate of roughly $340/hour may well be less than the Court would have approved if the Fee Fund had had more money.

Initially, a subcommittee of the PCC grappled with the difficult question of how to allocate the limited compensation among the many firms, and Revised Exhibit 5 is the summary of its recommendations.  Only one objection to Revised Exhibit 5 was brought to the Court's attention — an objection to the "multipliers" specified in Column F.  The Court essentially agrees with that objection and declines to approve Column F or any inference therefrom that the value of an hour of work by some timekeepers was several times the value of an hour by others. Although multipliers have been approved by appellate courts in

other settings, they are inappropriate here, where the problem of allocating the limited Fee Fund is *sui generis*. Moreover, the recital in Column F of multipliers with two decimal places (1.55, 3.87, *etc.*) misleadingly implies that the allocation was precise and objective, whereas, in fact, it necessarily was subjective, having to take into account such important factors as the amount of compensation PCC members received (or did not receive) though contingency fees in their large (or small) number of individual cases.

Nevertheless, if one looks at the proposed compensation to law firms overall (as opposed to particular members), it essentially accords with both the effort expended and the value of the work. The fact that only one of the 18 firms expressed an objection to the allocation further supports the Court's conclusion that the result probably is as fair as can be achieved under the circumstances. Accordingly, the Court grants the motion and orders the distribution in accordance with the allocation recommended by the PCC.

3. Upon their respective motions and without objection, Prof. Eric D. Green's invoice for $34,919.37 in mediation fees and the invoice of John K. Trotter Esq. for $90,000 in mediation fees are approved. If these invoices cannot be not paid by a surplus in the Metabolife trust, the parties may submit proposed

orders for payment from the Ephedra Plaintiffs' Common Expense Fund.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       April 21, 2008